[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-13497
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cv-00209-CAS


TANGA WASHINGTON,

Plaintiff-Appellant,

versus

SOCIAL SECURITY ADMINISTRATION, COMMISSIONER,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(January 15, 2013)

Before TJOFLAT, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

The Social Security Administration denied Tanga Washington's application for disability insurance benefits, pursuant to Title II of the Social Security Act, and the Magistrate Judge affirmed its decision. Washington appeals the Magistrate Judge's decision presenting one issue: Whether the Administrative Law Judge ("ALJ") erred by failing to ask the vocational expert ("VE") hypothetical questions that included all of Washington's limitations, particularly those that the ALJ articulated in a Psychiatric Review Technique. The ALJ was required to pose hypothetical questions to the VE that included all of limitations arising from Washington's depression in combination with those arising from her post-traumatic stress disorder, and, Washington contends, he should have asked the VE hypothetical questions that included her moderate limitations in social functioning and moderate limitations in maintaining concentration, persistence, or pace.

We review the Commissioner's decision (which effectively adopted the ALJ's decision) for substantial evidence. *See Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* (quotations omitted). We will not reweigh the evidence or substitute our own judgment for that of the ALJ. *Martin v.*

2

*Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990).  Thus, "[e]ven if the evidence preponderates against the Commissioner's factual findings, we must affirm if the decision reached is supported by substantial evidence."  *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1260 (11th Cir. 2007) (quotation and alteration omitted).  The individual seeking Social Security disability benefits bears the burden of proving that she is disabled.  *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005).

The Commissioner uses a five-step, sequential evaluation to determine whether a claimant is disabled, asking:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a residual functional capacity ("RFC") assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience.

*Winschel*, 631 F.3d at 1178.  The RFC is "that which an individual is still able to do despite the limitations caused by his or her impairments."  *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004).  The ALJ considers all of the evidence in the record in determining the claimant's RFC.  *Id.*

At step five of the sequential evaluation process, the ALJ considers

3

"whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience." *Winschel*, 631 F.3d at 1178.  The Commissioner bears the burden of demonstrating that there is other work available. *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999).  The Commissioner may show "that the claimant can perform other jobs . . . through the testimony of a VE." *Id.* at 1229.  "In order for a VE's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." *Id.*; *see also Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002).  However, the ALJ is "not required to include findings in the hypothetical that the ALJ had properly rejected as unsupported." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004).

Additionally, "[t]he opinion of a treating physician . . . must be given substantial or considerable weight unless 'good cause' is shown to the contrary." *Phillips*, 357 F.3d at 1240 (quotation omitted).  We have concluded that "good cause" exists "when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Id.* at 1240-41.  "When electing to disregard the opinion of a treating physician,

4

the ALJ must clearly articulate its reasons." *Id.* at 1241.

Where the ALJ determines at step two of the sequential evaluation process that the claimant's mental impairments caused limitations in concentration, persistence, or pace, the ALJ must include those limitations in the hypothetical questions posed to the VE. *Winschel*, 631 F.3d at 1180-81. "When medical evidence demonstrates that a claimant can engage in simple, routine tasks or unskilled work despite limitations in concentration, persistence, and pace . . . limiting the hypothetical to include only unskilled work sufficiently accounts for such limitations." *Id.* at 1180 (discussing with approval the conclusions of other courts). The ALJ may also implicitly account for such a limitation in posing hypothetical questions. *See id.* at 1180-81.

After reviewing the record, we conclude that Washington's argument that the ALJ failed to include all of her limitations in the hypothetical questions he put to the VE lacks merit. The ALJ took account of Washington's moderate limitations in social functioning by asking the VE a hypothetical question that included the restriction that Washington was limited to jobs that involved only occasional interaction with the general public and coworkers, a limitation that evidence supported.

The ALJ also explicitly and implicitly took into account Washington's

5

moderate limitations in maintaining concentration, persistence, or pace by including the restrictions that Washington was limited to performing only simple, routine repetitive tasks with up to three-step demands, and only occasional changes in the work setting, judgment, or decision making.  Because the evidence showed that Washington could perform simple, routine tasks, the ALJ's hypothetical question to the VE which included this limitation adequately addressed Washington's limitations as to concentration, persistence, or pace.  *See Winschel*, 631 F.3d at 1180-81.

Furthermore, although Washington's treating psychiatrist, Dr. Jose Llinas, opined on September 28, 2009, that Washington's concentration was poor, that her memory was impaired, that she was not able to engage in gainful employment at that time, and that she was not capable of sustaining work activity for eight hours per day for five days per week, his opinion was inconsistent with his own medical records, in which he had noted that Washington's cognitive functions and memory were not seriously impaired and that her mental status was within normal limits. The evidence, moreover, supported a contrary finding.  Good cause thus existed for the ALJ's failure to afford significant weight to Dr. Llinas's September 28, 2009, opinion, and the ALJ clearly articulated his reasons for disregarding that opinion.  *See Phillips*, 357 F.3d at 1240-41.

In sum, substantial evidence supported the ALJ's RFC assessment, and his hypothetical question to the VE included all of the limitations supported by the evidence.  The judgement of the Magistrate Judge is, accordingly,

AFFIRMED.